# In the United States Court of Federal Claims

No. 04-9C
(Filed: April 12, 2004)

* * * * * * * * * * * * * * * * * * * * * * * * * *

PORTLAND GENERAL ELECTRIC COMPANY, *et al.*,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

Pre-Discovery Conference
New Spent Nuclear Fuel Cases

This case is one of approximately 45 new "Spent Nuclear Fuel" ("SNF") cases recently filed in this court. Like the 21 cases previously filed, the new SNF cases have been brought by nuclear utilities seeking to recover damages (on-site storage costs) allegedly caused by the Department of Energy's ("DOE's") failure to comply with a January 31, 1998 contract deadline to begin disposing of (or accepting) their nuclear waste.

In lieu of an answer, defendant has filed a "Motion to Stay All Proceedings or, in the Alternative, for Coordinated Discovery Regarding the Rate and Schedule Issues" in almost half of the new cases.

The court will host a pre-discovery conference on Friday, April 30, 2004, with Judge Diane Sypolt as presiding judge to explore the issue of a stay and the extent of discovery needed in the new SNF cases.

Judge Sypolt will not decide the issue of coordinated discovery, but will only report the parties' views to the presiding judges in the SNF cases, for their determination of what, if any, common procedures should be employed.

In preparing for this conference, on or before Friday, April 23, 2004, the new SNF plaintiffs are directed to submit to my chambers with a copy to Judge Sypolt, jointly or singly, and in whatever format they may select, a report or reports specifying their discovery plans and objectives, including, but not limited to: (1) the nature and scope of discovery each anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance; (2) any circumstance that may affect the timing of discovery or trial; (3) if known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case); and (4) additional responses to the issues raised in defendant's motions to stay or coordinate discovery.

Also on or before Friday, April 23, 2004, defendant shall submit to chambers, with a copy to Judge Sypolt, a report presenting its views on the same matters, including, but not limited to, information regarding: (1) how defendant proposes, either with or without a coordination order, to provide access to and use of the material produced in the old SNF cases to the new SNF case plaintiffs; (2) any conditions it would impose on the use of such materials in the new cases; (3) the nature, extent, and schedule of any discovery the Government anticipates requesting from any SNF plaintiff, old or new, before the trials are concluded in the lead cases; and (4) its comments on the plaintiffs' responses to its motion for a stay or coordination.

Because no discovery, or discovery of different issues or scope may be involved in a new SNF case, or for any other reason, a new SNF plaintiff may opt not to submit a report, or to attend the conference.

Plaintiffs shall designate from among plaintiffs' counsel no more than three to be seated at counsel's table and serve as lead counsel during the conference. It should be understood, however, that the court, in its discretion, may permit or request other attendees to address whatever issues may be raised.

The pre-discovery conference will be held on Friday, April 30, 2004, at 2:00 p.m., E.D.T., in Courtroom 4 of the United States Court of Federal

Claims, Howard T. Markey National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. Questions regarding scheduling matters shall be directed to Judge Sypolt's judicial assistant, Ms. Laurice Ghougasian, at (202) 219-9655.

Any plaintiff's counsel who prefers to participate by conference call may arrange to do so by calling Ms. Ghougasian no later than three days before the day of the conference. Note that technical limitations may preclude accommodation of all requests.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge