**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>THE CITY OF EUGENE, OREGON, acting by and through the EUGENE WATER AND ELECTRIC BOARD, a municipal utility corporation of the State of Oregon,<br><br>and<br><br>PACIFICORP, an Oregon corporation,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil Action No. 04-0009C<br>(Judge Bruggink) |

**PLAINTIFFS' DISCOVERY REPORT**

On April 12, 2004, this Court ordered that a Pre-Discovery Conference be held on April 30, 2004 related to newly-filed SNF cases, including this case. As part of that Order, the Court afforded Plaintiffs Portland General Electric Company ("PGE"), City of Eugene, Oregon, acting by and through the Eugene Water and Electric Board ("EWEB"), and PacifiCorp (collectively, "Plaintiffs") an opportunity to submit a report, specifying discovery plans and objectives to the Court. Pursuant to that Order, Plaintiffs respectfully submit this report.

## I. PLAINTIFFS JOIN IN THE GOVERNMENT'S REQUEST FOR STAY

As Plaintiffs stated in their April 6, 2004 Joinder to Defendant's Motion to Stay All Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues, Plaintiffs agree with the Government and join in the Government's request that this

matter should be stayed pending the conclusion of the six lead SNF cases already before this Court.

## II. REQUEST FOR DISCOVERY PLAN IS PREMATURE

If, despite the agreement between the parties on the stay request, this Court determines that discovery should move forward, Plaintiffs respectfully submit that such a request is premature at this point in the litigation. While Plaintiffs' case is similar to certain of the lead cases in that Plaintiffs' Trojan nuclear facility is a closed plant, it is difficult to specify details of the additional discovery Plaintiffs would require before Plaintiffs have an opportunity to review and analyze the discovery that has already occurred. Because Plaintiffs have not yet had an opportunity to review the already-conducted SNF discovery, Plaintiffs are in no position to judge the adequacy of that discovery for trial of Plaintiffs' own claims. Moreover, until there is agreement by the Government and the Court that discovery in the other SNF cases will be made fully available to Plaintiffs in this matter and, importantly, that those discovery materials will be fully admissible in Plaintiffs' case, Plaintiffs cannot know the extent to which discovery, even already conducted, will need to be repeated for this case.

## III. PROPOSED REPOSITORY OF DISCOVERY MATERIALS

Should the Government and this Court agree that the discovery materials in the other SNF cases will be made available to Plaintiffs in this matter and that those materials will be fully admissible in Plaintiffs' case, Plaintiffs suggest that a central repository of all SNF discovery be organized. Plaintiffs further suggest that they and the additional, new SNF plaintiffs be afforded adequate time to review the repository materials in order to permit Plaintiffs and the other, new SNF plaintiffs an opportunity to determine the breadth and scope of additional, case-specific discovery necessary to prepare for trial.

Until such an opportunity to review existing discovery materials is afforded, Plaintiffs can offer no more than idle speculation about the adequacy of the already-conducted discovery.

## IV. CONCLUSION

As noted above, Plaintiffs still believe that a stay of their case pending resolution of the six lead cases is the most efficient way to proceed in this matter. Should the Court find such an agreed stay to be inappropriate, Plaintiffs respectfully request that a ruling be made concerning the admissibility of already-conducted discovery in Plaintiffs' case and if such discovery is ruled admissible, that Plaintiffs be permitted an opportunity to review the discovery. At that point, Plaintiffs can make a more informative discovery report to the Court.

Respectfully submitted,

s/Michael J. Henke
Michael J. Henke
Vinson & Elkins L.L.P.
The Willard Office Building, Suite 600
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1008
Telephone: (202) 639-6529
Facsimile: (202) 639-6604

Counsel of Record for Plaintiffs

*Of Counsel:*

David A. Aamodt
Portland General Electric Company
121 S.W. Salmon Street
Portland, OR 97204
Telephone: (503) 464-8861

G. Kevin Kiely
Cable Huston Benedict Haagensen
& Lloyd, LLP
1001 S.W. 5th Avenue
Portland, OR 97204-1136
Telephone: (503) 224-3092

Natalie L. Hocken
PacifiCorp
825 N.E. Multnomah Street, Suite 1800
Portland, OR 97232
Telephone: (503) 813-7205

Tegan M. Flynn
Vinson & Elkins L.L.P.
The Willard Office Building, Suite 600
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1008
Telephone: (202) 639-6598

Dated: April 21, 2004