**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**PORTLAND GENERAL ELECTRIC COMPANY,** an Oregon Corporation,

**THE CITY OF EUGENE, OREGON,** acting by and through the **EUGENE WATER AND ELECTRIC BOARD,** a municipal utility Corporation of the state of Oregon,

and

**PACIFICORP**, an Oregon Corporation

Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

Defendant.

No. 04-0009C

Judge Bruggink

**JOINT STATUS REPORT**

Pursuant to this Court's order of June 29, 2005, the parties respectfully file this joint status report. As described below, the parties jointly request that the current stay of this case be extended until June 30, 2006.[1]

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") between various utilities and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. Approximately fifty-nine cases involving the Government's

[1] Although the parties both request this stay, they both reserve their rights to request that the stay be lifted, either in whole or in part, prior to June 30, 2006, if circumstances in this case or other spent nuclear fuel cases warrant it.

actions in connection with spent nuclear fuel ("SNF") and/or high-level waste ("HLW") are currently pending in the Court of Federal Claims.[2]

Both parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings, including discovery, until June 30, 2006. The parties agree that a stay of proceedings in this case will allow for possible efficiencies because of the resolution of legal and factual issues in previously filed cases in which similar claims are being pursued by other plaintiffs. These issues may include, among others, so-called "rate issues," or the minimum mandatory schedule for the acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding other claims and defenses that will likely be implicated in this lawsuit. These issues have been, or are expected to be, presented in trials that have occurred or in which decisions might be expected in the next year,[3] and resolution of these issues in such cases could facilitate

---

[2] Five other cases have been dismissed voluntarily or by joint stipulation, while a sixth case, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), has been appealed and has been the subject of an opinion by the Federal Circuit. Indiana Michigan Power Company v. United States, 422 F.3d 1369 (Fed. Cir. 2005). Another case, PSEG Nuclear, LLC v. United States, No. 01-551C, is currently pending before the Federal Circuit, pursuant to an interlocutory appeal.

[3] While the Court of Appeals resolved certain issues regarding future damages in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the court there did not address many of the other issues regarding damages that will likely be implicated in this case. Such issues may, however, be addressed, or at least informed, by several cases in which trials have been, or will soon be, completed. Those cases include Yankee Atomic Elec. Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.); Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.), Tennessee Valley Authority v. United States, 01-249 (Fed. Cl.), and Southern Nuclear Operating Company v. United States, 98-614C (Fed. Cl.). Finally, the parties note that the stays in several other spent nuclear fuel damages cases have been extended for these reasons, following the Indiana Michigan decision. E.g., Kansas Gas and Electric Company et al. v. United States, No. 04-99 (Fed. Cl.) (Order dated November 28, 2005); TXU Generation Company, LP v. United States, 04-98 (Fed. Cl.) (Order dated November 23, 2005).

agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case.

The parties request that the stay be continued until at least June 30, 2006. By that date, there may be appellate guidance on some of the issues identified above, and decisions may be issued in at least some of these cases that have been tried or will be tried. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case in light of the status of activities in other cases.

As noted above, both parties desire this case to be stayed and, therefore, desire to defer setting a schedule for the filing of any dispositive motions. Similarly, both parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions, and that it is premature at this time to commit to filing such motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 616-0170
Facsimile: (202) 514-8624

Attorneys for Defendant

s/ Brad Fagg
BRAD FAGG
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

*Of Counsel:*

David A. Aamodt
Portland General Electric Company
121 S.W. Salmon Street
Portland, Oregon 97204
Telephone: (503) 464-8861

G. Kevin Kiely
Cable Huston Benedict Haagensen
& Lloyd, LLP
1001 S.W. 5th Avenue
Portland, Oregon 97204-1136
Telephone: (503) 224-3092

Natalie L. Hocken
PacifiCorp
825 N.E. Multnomah Street, Suite 1800
Portland, Oregon 97232
Telephone: (503) 813-7205

Attorneys for Plaintiffs

December 15, 2006

CERTIFICATE OF FILING

I hereby certify that on this 15th day of December 2006, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Brad Fagg