**PORTLAND GENERAL ELECTRIC COMPANY,** an Oregon Corporation,

**THE CITY OF EUGENE, OREGON,** acting by and through the **EUGENE WATER AND ELECTRIC BOARD,** a municipal utility Corporation of the state of Oregon,

and

**PACIFICORP**, an Oregon Corporation

Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

Defendant.

No. 04-0009C

Judge Bruggink

# JOINT STATUS REPORT

Pursuant to this Court's order of July 24, 2006, the parties respectfully file this joint status report. As described below, the parties jointly request that the current stay of this case be extended until June 29, 2007.[1]

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") between various utilities and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. Approximately fifty-eight cases involving

[1] Although the parties both request this stay, they reserve their rights to request that the stay be lifted, either in whole or in part, prior to June 29, 2007, if circumstances in this case or other spent nuclear fuel cases warrant it.

the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level waste ("HLW") are currently pending in the Court of Federal Claims.[2]

The parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings, including discovery, until June 29, 2007. The parties agree that a stay of proceedings in this case will allow for possible efficiencies because of the resolution of legal and factual issues in other cases in which similar claims are being pursued by other plaintiffs. These issues may include, among others, so-called "rate issues," or the minimum mandatory schedule for the acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding other claims and defenses that will likely be implicated in this lawsuit. Such issues have been, or are expected to be, presented in current or expected appeals, or trials in which decisions might be expected in the next year.[3] Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case.

---

[2] Eight other cases have been dismissed voluntarily or by joint stipulation. A final judgment from which no appeal was taken has been entered in a ninth, Tennessee Valley Authority v. United States, 69 Fed. Cl. 516 (2006), and a tenth, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), has been appealed and has been the subject of an opinion by the Federal Circuit. Indiana Michigan Power Company v. United States, 422 F.3d 1369 (Fed. Cir. 2005). Trials have also been completed in Yankee Atomic Elec. Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.) (decision issued October 4, 2006) (appeal filed December 4, 2006); Pacific Gas & Electric Company v. United States, No. 04-74C (decision issued October 13, 2006); Southern Nuclear Operating Company v. United States, 98-614C (Fed. Cl.); and Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.) (final decision issued December 1, 2006). Finally, interlocutory review of certain issues regarding potential contractual defenses by the government was recently sought in Nebraska Public Power District v. United States, No. 01-116C.

[3] While the Court of Appeals resolved certain issues regarding future damages in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the court there did not address other issues regarding damages that may be implicated in this case. Such issues may, however, be addressed, or at least informed, by one or more of the cases or appeals identified in footnote 2, above.

For these reasons, the parties request that the stay be continued until at least June 29, 2007. By that date, there may be appellate guidance on some of the issues regarding claims and defenses identified above, and decisions may be issued in at least some of the cases that have been tried or will be tried. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case in light of the status of activities in other cases.

As noted above, the parties desire this case to be stayed and, therefore, desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions, and that it is premature at this time to commit to filing such motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 616-0170
Facsimile: (202) 514-8624

Attorneys for Defendant

s/ Brad Fagg
BRAD FAGG
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

*Of Counsel:*

David A. Aamodt
Portland General Electric Company
121 S.W. Salmon Street
Portland, Oregon 97204
Telephone: (503) 464-8861

G. Kevin Kiely
Cable Huston Benedict Haagensen
& Lloyd, LLP
1001 S.W. 5th Avenue
Portland, Oregon 97204-1136
Telephone: (503) 224-3092

Michael Jenkins
1407 West North Temple
Salt Lake City, Utah 84116
Telephone: (801) 220-2233

Attorneys for Plaintiffs

December 15, 2006

CERTIFICATE OF FILING

I hereby certify that on this 15th day of December 2006, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Brad Fagg